UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF TEXAS

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2016 AUG 31 PM 12: 26

DEPUTY CLERK_____

**Eric Williams**
Pro Se Plaintiff, Candidate

v.
**Defendants.**

**3-16CV2516-M**

**KEITH INGRAM**, sued in his official capacities as the **Director of Elections** for the State of Texas Secretary of State, **COBY SHORTER III**, sued in his official capacities as the Deputy Secretary of State

## COMPLAINT FOR DECLARATORY JUDGMENT AND PRELIMINARY AND PERMANENT INJUNCTION AND A TRO

Now comes the Plaintiff, Eric Williams Pro Se ("Plaintiff Candidate"), for his complaint at law against the Defendant Keith Ingram, in his official capacities as the Director of Elections for the State of Texas in the elections division of the Secretary of State for the State of Texas and Coby Shorter III, in his official capacities as Deputy Secretary of State for State of Texas.

**JURISDICTION & VENUE**

1. This Complaint is brought pursuant to 42 U.S.C. 1983 and 1988 and the First Fourteenth Amendments to the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, I343(a)(3), and I343(a)(4) and the aforementioned statutory and constitutional

(

provisions. Venue in this Court exists and is proper pursuant to 28 U.S.C. § 1391(b)(l) and 139 l (b )(2), in that ProSe Plaintiff, Candidate Eric Williams resides within this District and a substantial part of the events and omissions giving rise to the Plaintiffs' claims occurred within the Northern District of Texas.

## PARTIES

2. Pro Se Plaintiff, Candidate Eric Williams, is a resident of Dallas, Dallas County, Texas. He filed a Declaration of Intent as an independent candidate on December 14, 2015 for election to the office of Representative in the United States House of Representatives for the 30th District of Texas for the General Election to be held on November 8, 2016.

3. Defendant Keith Ingram is an appointed Director of Elections for the State of Texas , a state agency, and its Director, in which capacity he acts under color of state law to administer and enforce the provisions of Texas's Election Code, and other provisions of the Election Code.

4. Defendant Coby Shorter III, is Deputy Secretary of State for the State of Texas , a state agency, and its Deputy Secretary of State, in which capacity he acts under color of state law to administer and enforce the provisions of Texas's Election Code.

## FACTUAL ALLEGATIONS

## CUMULATIVELY, TEXAS' BALLOT ACCESS LAWS VIOLATE THE U.S. CONSTITUTION'S FIRST AMENDMENT & FOURTEENTH AMENDMENT EQUAL PROTECTION CLAUSE

Pro Se Plaintiff, Independent Candidate Eric Williams was required to collect 500 signatures from voters who reside in District 30, Dallas, Texas. ProSe Plaintiff, Independent Candidate Eric Williams collected 960 signatures from registered voters who supported his application for a place on the general election ballot. Only registered voters in District 30 could sign his petition and they could not have voted in the March primary. Texas Election Code142.007 and 142.009.

On June 22, 2016, ProSe Plaintiff, Independent Candidate Eric Williams timely submitted his application along with his petitions to Keith Ingram, Director of Elections for the Secretary of State for Texas. On July 1, 2016, days after the 5 days required to notify a candidate of their candidacy status, ProSe Plaintiff, Independent Candidate Eric Williams finally received a letter informing him, he was ineligible pursuant to Texas Election Code 162.015 (a) (1). and his name would not appear on the November 8, 2016 general election ballot. This late letter is a pattern, evident by the most recent letter received from Keith Ingram and the State of Texas Secretary of

3

State dated August 25, 2016 regarding my Voter fraud Complaint. This occurred during my run for Dallas City Council where, I requested an investigation but no response until now. **By law they, where to have responded in 10 days. How can, I trust a system that will not reponsed to complaints in a timely manner.**

ProSe Plaintiff, Independent Candidate Eric Williams, argues that *section 162.015* restricts the right of a citizen who seeks access to the general election ballot to vote because the statute restricts a candidate to voting only in the primary of the party in which he wishes to be a candidate in the general election. Further, ProSe Plaintiff, Independent Candidate Eric Williams argues that the section prohibits an "independent" candidate from voting in citizen taxpayer funded primaries for both parties for any office.

The Texas Election Code does not explicitly characterize party candidacy as "affiliation" with a political party, see *TEX. ELEC. CODE §§ 162.004, 162.012, 162.014*. The Texas Election Code provides that an individual can only affiliate with one political party per election cycle and precludes a person from voting in the primary of one political party and then voting in a run-off primary for another political party. This was not my case.

4

ProSe Plaintiff, Independent Candidate Eric Williams contends that the State's alleged interests do not apply in his case or are *de Minimis*. He concedes that many of the interests *section 162.015* advances are implicated and important in the "sore loser" context, but not here.

ProSe Plaintiff, Independent Candidate Eric Williams asserts that there is no state interest of significant importance that justifies "preventing him as a independent candidate to gain ballot access, and from exercising his constitutional protected right to vote in the primary of his choice.

Under these unique facts, as a independent candidate, I could not possibly, by voting in the Dallas County Constables run-off, which was not even associated with my own race, could improperly affect my race for U.S. Congress . . . nor could such a vote cause voter confusion, chaos, or any other harm to the electoral process," including party raiding.

ProSe Plaintiff, Independent Candidate Eric Williams is a "independent" and not affiliated with any party. I will now be "defrocked" of my candidacy and thereby disenfranchising my supporters and the voters of District 30, Dallas, Texas.

Section 162.015 is unconstitutional as written and as applied to ProSe Plaintiff, Independent Candidate Eric Williams. The statute impermissibly burdens my right to vote and violates my substantive due process rights.

ProSe Plaintiff, Independent Candidate Eric Williams contends that section 162.015 allows a prospective candidate to hedge his or her candidacy options for a particular office by voting in the primary of one political party. If the prospective candidate lost a party's nomination in the primary, construction of section 162.015(a) would affirmatively authorize the prospective candidate to seek the same office as a candidate for another political party. That interpretation is antithetical to the statute's most obvious and laudable purpose, which is to prevent candidates from having more than one bite at the apple in a single election year by precluding a primary candidate from running in the general election for the same office as an independent, or a write-in candidate, or a candidate for any other political party that nominates its candidates by primary election.

See TEX. ELEC. CODE § 162.015(a), (b); see also Nat'l Comm. of the U.S. Taxpayers Party v. Garza, 924 F. Supp. 71, 74-75 (W.D. Tex. 1996) (holding that the sore-loser provisions of section 162.015 are reasonable, nondiscriminatory, and constitutional).

ProSe Plaintiff, Independent Candidate Eric Williams argue that section 162.015(a)(2) is clearly an ineligibility statute rather than an eligibility statute, the statute's plain and unambiguous meaning is that an otherwise eligible candidate is ineligible if the candidate votes. ProSe Plaintiff, Independent Candidate Eric Williams is not ineligible by virtue of the crossover candidacy element of section 162.015(a)(2), but I am made ineligible by virtue of the crossover voting. ProSe Plaintiff, Independent Candidate Eric Williams also points out that both the Secretary of State and the Attorney General have adopted this construction,

see Op. Tex. Sec'y State No. DAD-65 (1982); Op. Tex. Att'y Gen. No. 96-094 (1996), and they defer to these prior administrative interpretations.

The Texas Election code prohibits a primary candidate from later running for the same office as an independent, and section 162.015(b) prohibits a primary candidate from later running for the same office as a write-in candidate. These so-called "sore loser" provisions of section 162.015 are not at issue in this case. TEX. ELEC. CODE § 162.015(a)(2). Section 162.015(a)(1)

ProSe Plaintiff, Independent Candidate Eric Williams argues that the penalty imposed upon him for violating this restriction is "severe," namely, forfeiture of his certification for public office and his name appearing on the November 8, 2016 General Election ballot as

a "independent candidate for Congress" seeking to represent District 30 Dallas, Texas. ProSe Plaintiff, Independent Candidate Eric Williams also asserts the restrictions violate his First and Fourteenth Amendments to the United States Constitution by violating his civil rights. Every voter has a right to be a candidate for a public office if he possesses the qualifications required to fill the office.

This Court has jurisdiction for "an order granting or denying an permanent injunction on the grounds of the constitutionality of a statute of this state." *TEX. GOV'T CODE § 22.001(c)*; see also *TEX. CONST. art. V, § 3-b*. Here, the trial court issued a final judgment, declaring *section 162.015* unconstitutional. ProSe Plaintiff, Independent Candidate Eric Williams seeks to permanently enjoin The State of Texas Secretary of State from declaring ProSe Plaintiff, Independent Candidate Eric Williams ineligible for a place on the November 8, 2016 general election ballot based on *section 162.015*.

ProSe Plaintiff, Independent Candidate Eric Williams has ran for political office three times. In 2014, he was certified for the General Election ballot as a independent where he earned over 5,000 votes.

The following year in 2015, he ran for Dallas City Council. His name was left off the ballot in several precincts as a result of electronic voter fraud. He along with another candidate filed a compliant with the State and Dallas county for voter fraud lawsuit which later tossed from court and now his 2016 run for U.S. Congress.

Section 162.015(a)(2) severely burdens my right to vote, this severe restriction on the right to vote warrants strict scrutiny and cannot survive unless it is narrowly tailored to serve a compelling state interest.

The complained-of requirements, when viewed in the totality of the circumstances, constitute a regimen or scheme imposed on ProSe Plaintiff, Independent Candidate Eric Williams by the Defendants to unconstitutionally limit ballot access to only two established political parties, i.e., the "two party system." Defendants' obstructions notwithstanding,

Texas voters desire more, not fewer, choices on the ballot, and a majority of voters disapprove of the "two-party system." The disapproval of the "two-party system" was confirmed in Texas during the March 2016 primary. This was the lowest voter turnout for a Primary Election Primary.

Dallas County is a county located in the U.S. state of Texas. As of the 2010 census, the population was 2,368,139. It is the second-most populous county in Texas and the ninth-most populous in the United States. 24.1 % of the people in district 30 reside in poverty. From 2000 to 2012, the number of poor people in Dallas rose by 41 percent. That far outweighs the city's overall 5 percent population growth during the same period.

3500 kids are homeless in district 30. Dallas has the highest child poverty rate among cities Larger than 1 million people: Two of every five kids grow up poor. Dallas has the third-highest overall poverty rate among large cities. More than half of Dallas' poor are Black and Hispanic.

From 2000 to 2012, the median family income for single moms with kids in Dallas fell by 30 percent – from $28,026 to $19,559. It's not acceptable for a city as full of wealth and opportunity as district 30 of

Dallas to be ranked third or fourth poorest urban center in the United States behind Detroit, Memphis and Philadelphia.

The poverty statistics are staggering and that's why we are here today because it is an epidemic brought on by corrupt leadership from Congresswoman Eddie Bernice Johnson and other corrupt black elected officials in Dallas. 51% of district 30 public schools are failing. Crime, black on black killings and police brutality is at an all time high. Finally, our police are unpaid, overworked, unappreciated and leaving in droves.

There is a concerted effort by the Republican and Democratic party to keep the North and South sides divided and in their control, and that is why my being placed on the ballot and elected is important and crucial to help change the dynamics. Dallas for years had been taking hundreds of millions of dollars in federal desegregation money and falsely swearing the money was used for the intended legal purpose. Instead, Dallas used the money to bring about segregation and even pulled the rug from under developers who didn't go along.

As an example today, the city of Dallas under the Federal leadership of Congresswoman Johnson, have reported in their own city audit that over $30 to $100 million in Federal HUD dollars can not be accounted for and is missing. In addition, gentrification is making our black elderly

11

homeless from areas that were once redlined communities. They are now forced to live on the streets and beneath bridges.

Hundreds of people in my district have been without drinkable WATER for over 30 years in Sand branch, Texas. This is in direct violation of the Federal Clean Drinking Water Act of 1974.

This is just a sampling of what 30 years in the seat at 80 years old in a gerrymander district will do to oppressed people on the verge of becoming a permanent underclass.

The Texas Election Division enforcement requirements of the election Code, in the totality of the circumstances, impose heightened, severe, and excessive burdens upon the ProSe Plaintiff, Independent Candidate Eric Williams, and his rights to Free Speech and Freedom of Association, that are not narrowly tailored and are not the least restrictive means to achieve the State's legitimate interests.

The Supreme Court has recognized that "states retain the power to regulate their own elections." *votes because, 504 U.S. at 433.* "Common sense, as well as constitutional law, compels the conclusion that government must play an active role in structuring elections; as a practical matter, there must be a

substantial regulation of elections if they are to be fair and honest.

13

If some order, rather than chaos, is to accompany the democratic Election processes, we and I need relief.

See, e.g., Garza, 924 F. Supp. at 73 (identifying a number of important interests served by section 162.015 in affirming the constitutionality of the "sore loser" provisions of the statute); see also Storer v. Brown, 415 U.S. 724, 726, 39 L. Ed. 2d 714, 94 S. Ct. 1274

(1974) (outlining the same interests cited in Garza and noting that the State has a compelling interest in protecting the stability of the political system).

The foregoing facts describe the State's severe and overly burdensome restrictions on ballot access, which resulted in a violation of Pro Se Defendant ,Candidate Eric Williams constitutional rights.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

A. Issue a declaration that T*EX. ELEC. CODE §§ 162.004, 162.012, 162.014, 162.015 and* the 5%-minimum-signature requirement of the Election Code, both facially and as applied, or alternatively only as applied, is unconstitutional, being inconsistent with the First and Fourteenth Amendments to the United States Constitution; And a (TRO)

B.  Enter a preliminary injunction and permanent order enjoining Defendants from enforcing T*EX. ELEC. CODE §§ 162.004, 162.012, 162.014, 162.015 and 142.004* 142.007(2) . 141.032 (a), (c) & (e) the 5%-minimum-signature requirement of the Election Code, as applied to ProSe Plaintiff, Independent Candidate Eric Williams nominating petition, and enjoining Defendants to direct that the name of ProSe Plaintiff, Independent Candidate Eric Williams, as an independent candidate for Texas' 30th Congressional District, be printed upon the November 8, 2016, General Election ballot; **and that the ballot not be certified on Sept 1, 2016 for District 30, Dallas, Texas until a ruling has been made.**

C. Award such other and further relief as this Court deems just and equitable.

D. Award ProSe Plaintiff, Independent Candidate Eric Williams the reasonable costs and expenses of this action, including attorney fees pursuant to the Civil Rights Attorney's Fees and Awards Act of 1976, 42 U.S.C. § 1988;

E. Issue a declaration calling for FEDERAL ELECTION OBSERVERS to monitor early voting and the general election in District 30, Dallas, Texas on November 8, 2016.

RESPECTFULLY SUBMITTED,
ProSe Plaintiff, Independent Candidate Eric Williams

By _Eric L. Will_____

Eric Williams
7315 Wilcox drive
Dallas, Texas 75232
ericwilliamsforcongress@gmail.com
972 895 2295
214-730-9050c

Exhibits Attached

K) Mae Jackson Run-off Flyer
L) DMN - State Lawsuit
M) DMN - Lawsuit
(O) Petition Signatures (960)

A) Petition Application
B) Dec 14, 2015 Letter SS
C) July 1, 2016 Rejection Letter
D) Aug 25, 2016 Complaint Letter
E) May 19, 2015 Atty- Ken Paxt
F) Jan 24, 2015 DMN
G) DMN - Lawsuit State
H) Dallas Observer - Rep. Party Chair Resigns
(I) Dallas City Audit
(J) DMN Sand Branch

15

JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Eric L. Williams

**DEFENDANTS**
Kieth Ingram, Coby Shorter III

(b) County of Residence of First Listed Plaintiff: Dallas County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: unknown) Austin
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se

Attorneys *(If Known)*

RECEIVED AUG 31 2016 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

3-16CV2516-M

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983 and 1950 and the First and Fourteenth Amendment

Brief description of cause:
Ballot Access Laws + Voting Rights.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 120

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____