UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC L. WILLIAMS, | § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 3:16-CV-2516-M |
| | § | |
| KEITH INGRAM, Director of Elections for the State of Texas, and COBY SHORTER III, Deputy Secretary of State for the State of Texas, | § § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is an Application for Temporary Restraining Order ("TRO") [Docket Entry #3], filed by Plaintiff Eric L. Williams. By his Application, Plaintiff seeks an *ex parte* Order enjoining Defendants from enforcing various provisions of the Texas Election Code and directing Defendants to list him, as an independent candidate for U.S. Representative to the 30th Congressional District, on the ballot for the November 8, 2016 general election. The Application for a TRO is **DENIED**.

As an initial matter, the Court finds that Plaintiff has failed to set forth *in an affidavit or verified complaint* specific facts sufficient to support the issuance of a TRO without notice to the adverse parties. *See* Fed. R. Civ. P. 65(b)(1)(A). The Court observes that Plaintiff's application is not accompanied by any sworn statement or other admissible evidence. Further, the exhibits attached to Plaintiff's Application are illegible, incomplete, and constitute inadmissible hearsay.

The Court further finds that Plaintiff has not established that he is entitled to the relief sought. A TRO is "a highly accelerated and temporary form of preliminary injunctive relief." *Lee v. Verizon Commc'ns, Inc.*, 2012 WL 6089041, at *1 n. 2 (N.D. Tex. Dec. 7, 2012) (Fitzwater, J.). To be entitled

1

to a TRO, a movant must establish the same four elements for obtaining a preliminary injunction: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury, which would occur if the injunction is denied, outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest. *Women's Med. Cir. of Northwest Houston v. Bell*, 248 F.3d 411, 419 n. 15 (5th Cir. 2001); *Ladd v. Livingston*, 777 F.3d 286, 288–90 (5th Cir. 2015). Preliminary injunctive relief is "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989).

The Court finds, from the allegations set forth in Plaintiff's Application, his Complaint for Declaratory Relief, and the materials attached to those pleadings, which are the only items before the Court, that the threatened injury, which would occur if the TRO is denied, does not outweigh the harm that would result if the TRO were granted. Plaintiff alleges the Secretary of State is to certify the ballot for the general election on September 1, 2016. If the TRO is granted, the State's preparation of the ballot for the November 8, 2016 general election will be delayed. Plaintiff alleges that the Texas Secretary of State informed him on July 1, 2016 that his application for a place on the general election ballot had been rejected. Plaintiff does not allege that he made any effort to appeal or have that decision otherwise reviewed or reconsidered. Instead, Plaintiff waited two months from the date reflected in the letter of July 1, 2016, an incomplete and unauthenticated copy of which is attached to Plaintiff's Application, to file this suit. Plaintiff's unwarranted and unexplained delay in bringing this lawsuit until the eve of the date the Secretary of State is to certify the ballot deprived this Court of the opportunity to conduct a meaningful review of the issues presented and the Defendants of the opportunity to present their position. For all these reasons, the Court DENIES Plaintiff's Application for a TRO.

**SO ORDERED**.

August 31, 2016.

_____
BARBARA M. G. LYNN
CHIEF JUDGE